Argued April 28, reversed and remanded with directions April 29, 1927.

## STATE EX REL. SMITH v. SAM A. KOZER, SECRETARY OF STATE.

(255 Pac. 900.)

**Statutes—Emergency Clause in Statute Regulating Taxation Held not to Excuse Secretary of State's Refusal to Refer Request for Referendum to Attorney General (Laws 1927, Chap. 277; Const., Art. IV, § 1; Art. IX, § 1a).**

Under Constitution, Article IX, Section 1a, emergency clause in Laws of 1927, Chapter 277, providing additional powers and imposing additional duties on certain tax officers with reference to assessment and equalization of property for taxation, and levy and collection of taxes, was void, since the act regulates taxation and hence did not excuse Secretary of State from referring request to Attorney General to provide ballot title for referendum petitions on the act under Constitution, Article IV, Section 1.

Statutes, 36 Cyc., p. 942, n. 24, New.

From Marion: L. H. McMAHAN, Judge.

In Banc.

### REVERSED AND REMANDED WITH DIRECTIONS.

For appellant there was a brief over the names of *Messrs. Bowerman & Kavanaugh, Mr. L. B. Smith* and *Mr. W. S. U'Ren,* with oral arguments by *Mr. Jay Bowerman, Mr. Smith* and *Mr. U'Ren.*

For respondent there was a brief over the names of *Mr. I. H. Van Winkle,* Attorney General, and *Mr. Willis S. Moore,* Assistant Attorney General, with an oral argument by *Mr. Moore.*

BURNETT, C. J.—The substance of the controversy in this case is that the petitioner desired to invoke the referendum upon an act passed by the legislative assembly of 1927 entitled:

"An act to provide additional powers and impose additional duties upon the state tax commission, the county assessors and other public officers and persons, firms, associations and corporations with reference

to the assessment and equalization of property for purposes of taxation, the levy and collection of taxes thereon, providing a penalty for the violation thereof, and declaring an emergency,"

enacted as Chapter 277, Laws of 1927. He applied to the defendant, who is the Secretary of State, to refer his request for the referendum to the Attorney General to provide a ballot title so that petitions could be circulated for reference of the measure to the people of the State of Oregon at the special election to be held June 28, 1927. The defendant refused to proceed in the matter in any manner on the ground that the measure attacked contained an emergency clause giving the act full force and effect from and after its approval by the Governor and, as it was in fact so approved by the Governor March 3, 1927, the defendant had no authority to act as requested. Hence, the petitioner brought *mandamus* proceedings in the Circuit Court of Marion County to compel action on the part of the defendant as requested. A demurrer to the writ was sustained and the writ dismissed. The people of the State of Oregon by the relator have appealed.

The contention of the defendant is that he has no authority to act in the matter, because the emergency clause having put the act into effect at once, the legislation in question is beyond the power of the referendum. The relator maintains that the legislative assembly had no authority to attach the emergency clause to the particular measure involved and, hence, that clause forms no barrier against the referendum.

In Section 1 of Article IV of the Constitution it is said:

" * * The second power is the referendum, and it may be ordered (except as to laws necessary for the

immediate preservation of the public peace, health, or safety), either by the petition signed by five per cent of the legal voters, or by the legislative assembly, as other bills are enacted. * * "

It is also said in Section 1a of Article IX of the Organic Act that:

" * * The legislative assembly shall not declare an emergency in any act regulating taxation or exemption."

The title of the act as already quoted is fairly indicative of the provisions of the body of the act. In plainest terms it does regulate taxation. Hence, under Section 1a of Article IX, the legislative assembly had no right to append an emergency clause to the enactment. That part of the law is unconstitutional and void. It does not excuse the secretary from performing his ordinary duties respecting the process designed to carry into effect the referendum provisions of the Constitution and laws.

The Circuit Court was in error in sustaining the demurrer to the writ. The judgment is reversed and the cause remanded with direction to issue a peremptory writ to the Secretary of State requiring him to perform his duties according to the direction of the writ.

REVERSED AND REMANDED WITH DIRECTIONS.