Argued November 30, 1971, affirmed January 14, 1972

# GOSTEVSKYH, *Respondent, v.* KALUGIN, *Appellant.*

492 P2d 826

*Ralph W. G. Wyckoff,* Salem, argued the cause for appellant. With him on the briefs was P. L. Peterson, Salem.

*Robert L. Engle,* Woodburn, argued the cause for respondent. With him on the brief were Eichsteadt, Bolland & Engle, Woodburn.

Before Schwab, Chief Judge, and Foley and Fort, Judges.

SCHWAB, C. J.

This is a filiation proceeding in which defendant appeals from an adverse judgment requiring him to contribute to the support of his illegitimate child. That judgment was based on a jury verdict finding defendant to be the father of the child in question.

The proceeding was initiated by the plaintiff's filing a petition that contained the required allegations. *See,* ORS 109.125(2). Defendant demurred on the ground that the petition failed to state a cause of action. The trial court overruled defendant's demurrer, and this action is assigned as error.

The child in question was born May 31, 1969. At that time Oregon's filiation statute was codified as ORS 109.110 et seq (hereinafter referred to as the old law). During the 1969 session, the legislature made certain changes in this law. *See,* Oregon Laws 1969, ch 619, p 1524, codified as ORS 109.125 through 109.230 (hereinafter referred to as the new law). The new law became effective August 22, 1969, and by its terms simultaneously repealed the old law. The present proceeding was initiated in October of 1970. In sum, the child in question was born when the old law was in effect, and the proceeding was initiated when the new law was in effect.

Based on these facts, defendant apparently contends, in his demurrer and on appeal, that neither the old law nor the new law created a filiation cause of action against him because neither was in effect both at the time of the birth of the child and the filing of the petition.

This contention has no merit. Since Oregon's first filiation statute was passed in 1917,

> "* * * [I]t has been and is the policy of this state not only to permit but to require any man who is responsible for any unmarried female becoming pregnant * * * to pay [for the child's support] * * *." *Dannells v. U. S. National Bank,* 172 Or 213, 241, 138 P2d 220, 231 (1943).

It is obvious that the legislature did not intend, when enacting the new filiation law in 1969, to extinguish the rights of the mother and child or the duties of the father as to illegitimate births occurring just before the effective date of the 1969 law.

Furthermore, it is to be noted that under both the old and the new law the plaintiff had a cause of action against the defendant for support of the child. In such situations,

> "It is a rule of statutory construction often applied by this court, that the repeal and simultaneous reenactment of the same statutory provisions is not to be considered as a repeal, but that it should be interpreted as a continuation thereof." *State ex rel Carson v. Kozer,* 108 Or 550, 560, 217 P 827 (1923).

*See also, State of Oregon v. Holland,* 202 Or 656, 277 P2d 386 (1954); *Smith v. Patterson,* 130 Or 73, 279 P 271 (1929). This rule is followed by the overwhelming majority of jurisdictions. *See,* Annotation, 77 ALR2d 336 (1961).

In certain respects the old law and the new law differed in various details, such as the dollar limits on support that could be ordered. As to those matters wherein the two laws differed, no issue has been presented as to which controls, and thus we need not pass on that question.

Affirmed.