Samuel J. Silverman, J.
Defendant moves to resettle short-form order heretofore made so as to provide explicitly in the order that this court does not have personal jurisdiction over defendant and that any judgment based on the second and third causes of action should be effective only against and to the extent of property of defendant duly attached prior to entry of judgment. The court made substantially those statements in its original memorandum deciding the motion and in the court’s opinion those statements were at least true under the law as it stood at the time the amended pleading was served and the motion was made and decided. At all those times the former Civil Practice Act was still in effect and subdivision 4 of section 237-a thereof provided: “ After a motion made pursuant to this section has been denied, the defendant may litigate the action on the merits without being deemed to have waived his objection to the court’s jurisdiction over his person.”
However, on September 1, 1963, with the coming into effect of the new Civil Practice Law and Rules, this ceased to be the *620 law in New York and instead subdivision (c) of rule 320 of the Civil Practice Law and Rules provides with respect to actions where jurisdiction is obtained by attachment, among other things, “ an appearance is not equivalent to personal service of the summons * * * unless the defendant proceeds with the defense after asserting the objection to jurisdiction and the objection is not ultimately sustained.”
Defendant must thus decide whether to defend the second and third causes of action on the merits. Defendant is entitled to know, before making this choice, what the consequence of the choice will be. The court believes that the way to meet this problem is by the exercise of the court’s power under section 10003 of the Civil Practice Law and Rules which provides in part: “ This act shall also apply to all further proceedings in pending actions, except to the extent that the court determines that application in a particular pending action would not be feasible or would work injustice, in which event the former procedure applies. Proceedings pursuant to law in an action taken prior to the time this act takes effect shall not be rendered ineffectual or impaired by this act.”
In the case at bar, as I have said, the amendment of the second and third causes of action took place while the old Civil Practice Act was in effect and the motion to dismiss those causes of action on the ground of lack of jurisdiction was made and denied before the new Civil Practice Law and Rules went into effect. Furthermore, answer had actually been served as to the first cause of action prior thereto. Accordingly, the court determines that application of subdivision (c) of rule 320 of the Civil Practice Law and Rules to the extent that it is inconsistent with subdivision 4 of section 237-a of the former Civil Practice Act would work injustice with respect to the second and third causes of action and that accordingly, former subdivision 4 of section 237-a of the Civil Practice Act shall apply to the proceedings with respect to the second and third causes of action and the order will so provide.