Louis J. Capozzoli, J.
Defendant moves to confirm and plaintiff moves to disaffirm the report of the Referee dated October 28, 1963. The action was commenced by the service of a summons and complaint upon the defendant on November 30, 1962. On December 14, 1962, a motion was made by the defendant for an order -setting aside the service of the summons and complaint on the ground that the defendant was not doing business in New York and that no valid general appearance had been filed in the action. By an order dated January 3, 1963, the questions of whether the alleged general appearance was conditioned on an unqualified stipulation extending defendant’s time to answer or otherwise move, and whether defendant was amenable to process in this jurisdiction were referred to a Special Referee to hear and report. Hearings were held before the Referee on May 15, June 6, September 4 and September 27, 1963. For the reasons indicated in the report, the court adopts the Referee’s finding that the stipulation in question did not constitute a general appearance.
The Referee has recommended that the motion to vacate the service of the summons and complaint be granted because it has not been shown that defendant has been doing business as formerly required under the prior law. He further reported that he did not consider whether section 10003 of the Civil Practice Law and Rules applies to this situation.
It was established from the testimony and evidence, adduced at the hearings, that the causes of action, as stated in the com *25 plaint, arose out of the business transacted within the State by the corporate defendant, and, while said defendant maintained offices here, the only business it transacted was the seeking of finance for use in Puerto Rico, and the booking of reservations . for its resort hotel in Puerto Rico. Under prior law, such activity would have been insufficient to hold the corporate defendant to be doing business in this State, so as to render it amenable to local process (Hastings v. Piper Aircraft Corp., 274 App. Div. 435; Dana v. Fontainebleau Hotel Corp., 34 Misc 2d 20).
With the effective date of the Civil Practice Law and Rules, on September 1, 1963, the “ single act statute ” was adopted in this State, whereby, among other things, personal jurisdiction may be now acquired over a nondomieiliary as to causes of action arising out of the transaction of any business by the defendant in New York. There is no question that the cause of action herein arises out of such transaction of business (CPLR 302). The questions to be resolved are whether or not the new act should be retroactively applied and if it is so applied, whether or not its application would work an injustice.
Subdivision (a) of section 302 of the Civil Practice Law and Rules tras modeled after section 17 of the Illinois Civil Practice Act (Second Preliminary Report of Advisory Comm, on PracticpAand Procedure, 1958, pp. 469-478). The leading case in Illinois interpreting, in part, the retroactivity of section 17 of the Illinois Civil Practice Act is Nelson v. Miller (11 111. 2d 378). That case held the Illinois provisions were not invalid in applying to causes of action which arose before the effective date of the amendments, for the amendments do not extend either to destruction of an existing cause of action or to the creation of new liability for past events, but merely affect the method of procedure by establishing a new mode of obtaining jurisdiction of the person of the defendant in order to secure existing rights and that there can be no valid objection to retroactive application of the amendments either under the State or Federal Constitutions.
It seems fairly clear that subdivision (a) of section 302 of the Civil Practice Law and Rules may be applied retroactively to causes of action which matured before the new practice became operative (1 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 302.04). In Steele v. De Leeuw (40 Misc 2d 807) the court held that section 302 (subd. [a], par. 1) of the Civil Practice Law and Rules was applicable even though the cause of action accrued and the action commenced prior to the effective date of the statute. As indicated in Alvin Schachter, Inc. v. Adams & Co. (N. Y. L. J., Dec. 16, 1963, p. 12, col. 2) the courts of this *26 State had jurisdiction of the subject matter, and, consequently, no new remedy was created save the procedural remedy relative to jurisdiction over the person.
In William Band, Inc. v. De Fantasia (41 Misc 2d 838) section 302 of the Civil Practice Law and Buies was retroactively applied and a motion to set aside the service of a summons upon the president of a foreign corporation was denied, where the summons was ¡served on July 15, 1963, and the motion to set the service asid'e was made prior to September 1, 1963.
Section 10003 of the Civil Practice Law and Buies reads as follows: ‘ ‘ This act shall apply to all further proceedings in pending actions, except to the extent that the court determines that application in a particular pending action would not be feasible or would work injustice, in which event the former procedure applies.” This section expresses the common-law and common-sense rule that in procedural matters the new rule is applicable to all proceedings whenever commenced, while giving the court discretion to avoid injustice. (McKinney’s Cons. Laws of N. Y., Book 7B, CPLB, pp. 442, 443, notes under Legislative Studies and Reports; Ernst v. Ernst, 40 Misc 2d 934.) The record herein indicates that the proceedings extended beyond September! 1, 1963, by reason of requests for adjournments by both sides and to afford the attorney for the plaintiff an opportunity to subpoena the president of the defendant corporation. It further appears that even after the president of the defendant corporation was claimed to have been served with a subpoena, he failed to appear on the return date and although the attorneys for the defendant agreed to have the witness present at the hearing of September 27, 1963, they did not produce him, but instead consented to stipulate to certain facts.
While the proceedings before the Beferee could have been completed prior to the effective date of the Civil Practice Law and Buies, the court is satisfied that any delay in the hearings was not caused by a deliberate act on the part of the plaintiff and that the Beferee was justified in granting the adjournments requested. There; may be situations where the application of the Civil Practice Law and Buies in a particular pending action would not be feasible or would work an injustice. (See, e.g., Rothstein v. Autourist, A. S., 40 Misc 2d 619.) However, as stated in Nelson v. Miller (11 111. 2d 378, supra) retroactive application creates a problem if that application operates unfairly against a litigant who justifiably acted in reliance on some provision of the prior law. There is no such showing in this case.
*27 For the reasons above given, the motion to confirm is denied. The motion to disaffirm is granted and the motion in chief insofar as it seeks to vacate the service of the summons and complaint is denied. Defendant may serve a copy of its answer within 10 days from service of a copy of the order to be settled herein, with notice of entry.