Clinton E. GARDNER, Plaintiff,

v.

UNITED STATES of America, Defendant.

UNITED STATES of America, Defendant and Third-Party Plaintiff,

v.

Alastair KYLE, Third-Party Defendant.

United States District Court
S. D. New York.

Sept. 21, 1965.

in personam jurisdiction over him under Section 302(a) (1) of the Civil Practice Law and Rules of New York and he could be served outside the state under Section 313 of the C.P.L.R. A nondomiciliary who could be served outside the state cannot claim immunity from service if he is served in New York, even if he is here voluntarily and in the aid of justice.

The movant's position that the New York courts would not allow service for so stale an action is pure conjecture. Under the circumstances in this case, the court is fully convinced that the service would be allowed in New York and all of the movant's arguments would be matters of defense. Therefore, the service made on June 16, 1965 was valid. Due to the disposition of this motion, the subsequent motion to quash the summons served on the third-party defendant in Doylestown, Pennsylvania is rendered moot.

So ordered.

Robert M. Morgenthau, New York City, for the government.

Alastair Kyle, pro se.

CANNELLA, District Judge.

Motion by third-party defendant, Alastair Kyle pursuant to Rule 12 of the Federal Rules of Civil Procedure for an order quashing the summons and complaint served on him on June 16, 1965, is denied.

Since the Single Act Statute of New York is procedural rather than substantive, it may be applied retroactively. Developers Small Business Investment Corp. v. Puerto Rico Land & Development Corp., 42 Misc.2d 23, 246 N.Y.S.2d 896 (1964).

In this case, the third-party defendant was doing business in New York and the cause of action against him arose out of that business. Therefore, although he is a nondomiciliary of New York, there is a basis for exercising