Argued May 5, affirmed June 17, 1976

COLE, *Appellant,*
*v.*
ZIDELL EXPLORATIONS, INC., *Respondent.*

550 P2d 1194

*Kenneth Bourne,* of Anthony Pelay, Jr. & Kenneth

Bourne, Portland, argued the cause and filed the briefs for appellant.

*Edward H. Warren,* Portland, argued the cause for respondent. With him on the brief were Hershiser, Mitchell & Warren, and James D. Hibbard, Portland.

Before O'Connell, Chief Justice,* and Holman, Tongue and Bryson, Justices.

TONGUE, J.

---

*Chief Justice when the case was argued.

## TONGUE, J.

This is an action for damages sustained by a workman who was injured while working upon the premises of defendant, who was not his employer, but a "third party." Both plaintiff's employer and defendant were employers subject to provisions of the Oregon Workmen's Compensation Act, ORS 656.001 et seq. Plaintiff appeals from a judgment in favor of defendant, based upon findings of fact and conclusions of law by the trial court to the effect that plaintiff's action was barred by ORS 656.154 by reason of "joint supervision and control" exercised by defendant and plaintiff's employer over the premises on which he was injured.[1]

1. *The trial court did not err in denying plaintiff's motion for judgment on the pleadings or in allowing defendant's motion to file an amended answer.*

Plaintiff contends that the trial court erred in denying his motion for a judgment on the pleadings and in granting defendant's motion to amend its pleadings.

Prior to the trial of this case a hearing was held before the trial court "to hear the Affirmative Defense." At the beginning of that hearing defendant's attorney referred to defendant's answer as a "Supplemental Answer," although "designated as an

---

[1] ORS 656.154(1), as in effect at the time of this accident, provided as follows:

"If the injury to a workman is due to the negligence or wrong of a third person not in the same employ, the injured workman, or if death results from the injury, his widow, children or other dependents, as the case may be, may elect to seek a remedy against such third person. *However, no action shall be brought against any such third person if he or his workman causing the injury was, at the time of the injury, on premises over which he had joint supervision and control with the employer of the injured workman and was an employer subject to ORS 656.001 to 656.794.*" (Emphasis added)

Answer," and one "raising the joint supervision and control" defense.[2]

After opening statements on the subject of that defense were made by both counsel plaintiff submitted a written "Motion for Judgment on the Pleadings" for the reasons: (1) Defendant failed to file a supplemental answer; (2) The answer defendant filed was "not allowed by statute," and "on the grounds" of ORS 16.130, 16.360 and 656.595(3).[3] As an additional ground for that motion plaintiff contended that the

---

[2]Defendant's original answer in this case alleged:

"I.

"That on or about the 30th day of January, 1973, plaintiff's employer, a firm known as Columbia Door Sales, and the defendant, Zidell Explorations, Inc., were each subject to, contributors to and operating under the Workmen's Compensation Laws of the State of Oregon.

"II.

"That on January 30, 1973, plaintiff was dispatched by his employer, Columbia Door Sales, to the defendant's business premises for the purposes of installing a new overhead door and hardware pursuant to a contract therefor between plaintiff's employer, Columbia Door Sales, and the defendant, and at the time of the accident described in plaintiff's complaint, the plaintiff was on premises over which he and his employer had joint supervision and control with the defendant, Zidell Explorations, Inc., and were engaged in a common enterprise and the accomplishment of the same or related purposes as the defendant Zidell Explorations, Inc.

"WHEREFORE, having fully answered plaintiff's complaint, defendant prays judgment that plaintiff take nothing thereby and the defendant be awarded its costs and disbursements incurred herein."

[3]ORS 16.130 provides:

"If the answer contains a statement of new matter constituting a defense or counterclaim, and the plaintiff fails to reply or demur thereto within the time prescribed by law, the defendant may move the court for such judgment as he is entitled to on the pleadings; and if the case requires it, he may have a jury called to assess the damages. At any time when the pleadings are complete, or either party fails or declines to plead further, the court may, upon motion, grant such judgment or decree as it may appear to the court the moving party is entitled to upon the pleadings."

ORS 16.360 provides:

"The plaintiff and defendant, respectively, may be allowed on motion to make a supplemental complaint, answer or reply alleging

"joint supervision and control" defense was "deleted" by Oregon Laws 1975, ch 152, § 1.[4]

The trial court then ruled that plaintiff was "absolutely correct insofar as the answer is concerned," but then allowed defendant to file a proper supplemental answer, as provided by ORS 656.595(3), saying: "I don't believe in people taking advantage of other people's mistakes that can be remedied by a simple amendment" and "I just simply won't grant a judgment in these proportions with these issues because of a pleading defect. * * *." We agree with these rulings by the trial court.

Plaintiff says that:

"The defendant's Answer did not put in issue or deny any material averment of the Complaint."

and that:

"* * * Once plaintiff moved for a judgment on the pleadings, the Court is required to review the pleadings since '[a]n issue of law arises * * * upon a motion for judgment on the pleadings, under Section 79, L.O.L. [ORS 16.130]' *State v. Pacific Live Stock Co.,* 93 Or 196, 222, 182 Pac 828 (1919). If the pleadings disclose that no defense is raised against a plaintiff's cause of action, judgment in favor of plaintiff and against defendant on the pleadings has been decided beyond peradventure. [Citing cases.] * * *."

We do not agree that because defendant's original answer did not deny the allegations of plaintiff's complaint, plaintiff was entitled to a judgment on the pleadings, at least as a matter of right. Defendant's

---

facts material to the case, occurring after the former complaint, answer or reply."

ORS 656.595(3) provides:

"A challenge of the right to bring such third party action shall be made by supplemental pleadings only and such challenge shall be determined by the court as a matter of law."

[4] Oregon Laws 1975, ch 152, § 1 amended ORS 656.154(1), as quoted in note 1, *supra,* deleting the last sentence.

answer alleged facts which, if true, would appear to have entitled it to claim the benefit of the "joint supervision and control" defense under ORS 656.154(1), regardless of the truth or falsity of the facts alleged in plaintiff's complaint, unless those statutory provisions were no longer applicable by reason of Oregon Laws 1975, ch 152, § 1.

■ In addition, and even if plaintiff would have been entitled to a judgment on the pleadings if defendant had not amended its pleadings, it does not follow that once a motion is made for a judgment on the pleadings the trial court has no power to allow a motion to amend a defect in pleadings, which, if not corrected, would require the granting of a judgment on the pleadings, provided, of course, that such an amendment is otherwise proper. Indeed, such a result would be inconsistent with the view, as we have previously said, that motions for judgments on the pleadings are not favored by the courts. *Scott & Payne v. Potomac Ins. Co.,* 217 Or 323, 329, 341 P2d 1083 (1959). None of the cases cited by plaintiff requires the granting of a judgment on the pleadings under such circumstances.

■ ORS 16.390 expressly permits amendments to pleadings before trial or before a cause is submitted.[5] Plaintiff contends that the amendment to defendant's answer was not permitted by ORS 16.390 because it "completely changed the defense previously pleaded, adding affirmative defenses not raised previous to trial" and "injected new and separate defenses after trial had commenced."

---

[5] ORS 16.390 provides:

"The court may, at any time before trial, in furtherance of justice, and upon such terms as may be proper, allow any pleading or proceeding to be amended by adding the name of a party, or other allegation material to the cause; and in like manner and for like reasons may, at any time before the cause is submitted, allow such pleading or proceeding to be amended, by striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect, or when the amendment does not substantially change the cause of action or defense, by conforming the pleading or proceeding to the facts proved."

We disagree. Defendant's original answer, as previously quoted, alleged that plaintiff's employer and defendant were both subject to the Oregon Workmen's Compensation Act and that at the time of the accident plaintiff and his employer had "joint supervision and control" of the premises and "were engaged in a common enterprise."

Although defendant's original answer was not a "Supplemental Answer" under ORS 656.595(3), that pleading attempted to raise the defense of "joint supervision and control," as then provided by ORS 656.154(1). Plaintiff did not demur to that pleading, so as to test its sufficiency for that purpose. Defendant's supplemental answer alleged the same facts as previously alleged in defendant's original answer. Although plaintiff filed a demurrer to that supplemental answer, he does not assign as error on this appeal the failure of the trial court to sustain that demurrer.

For these reasons we hold that the trial court did not err in denying plaintiff's motion for judgment on the pleadings and in permitting defendant to file an amended answer, together with a supplemental answer.[6] Based upon such rulings the trial court then properly proceeded to hear the issues relating to the "joint supervision and control" defense, as raised by the supplemental answer, and to decide those issues in advance of the trial on the issues relating to negligence and injuries, as raised by plaintiff's complaint, all as contemplated and required by ORS 656.595(3). See also *Cornelison v. Seabold,* 254 Or 401, 404, 460 P2d 1009 (1969).

---

[6]Plaintiff also contends that defendant failed to excuse its delay in the filing of its amended answer, including its supplemental answer. No such mandatory requirement is imposed by ORS 16.390 as a condition precedent to the allowance of a motion for leave to file an amended pleading, although it is properly a factor to be considered by a trial court in the exercise of its discretion whether to permit the filing of an amended pleading, provided that other requirements of that statute are satisfied.

[ 323 ]

**2. *The trial court did not err in ruling that the 1975 amendment to ORS 656.154 was not retroactive.***

■ Plaintiff's final contention is that the Oregon Laws 1975, ch 152, § 1, "deleted the plea in bar provisions of ORS 656.154 [the "joint supervision and control" defense], and by implication repealed the supplemental pleading statute of ORS 656.595(3)," which plaintiff contends to be a procedural statute.

It is true that the Oregon legislature in 1975, by Oregon Laws 1975, ch 152, § 1, "deleted" from ORS 656.154 the following provision:

"* * * However, no action shall be brought against any such third person if he or his workman causing the injury was, at the time of the injury, on premises over which he had joint supervision and control with the employer of the injured workman and was an employer subject to ORS 656.001 to 656.794.'"[7]

That statute, by its terms, was effective July 1, 1975.

Thus, the "joint supervision and control" defense has been abolished since the effective date of that statute. The question remains, however, as to the application of the statute to this case, which involved an injury on January 30, 1973, prior to the effective date of that statute on July 1, 1975, and which was not tried until August 27, 1975.

In *Perkins v. Willamette Industries,* 273 Or 566, 542 P2d 473 (1975), which also involved the "joint supervision and control" defense, but in which both the accident and trial were prior to July 1, 1975, this court held that "* * * this case is governed by ORS 656.154 as that law existed both at the time of the injury and at the time of the trial of this case."

---

[7] Oregon Laws 1975, ch 152, § 1, also "deleted" subsections (2) and (3) of ORS 656.154.

[ 324 ]

Plaintiff would distinguish *Perkins* on the ground that in this case "[d]efendant did not avail itself of the defense until after the effective date" of the statute on July 1, 1975; that "it was not [the] law at the time of trial [on August 27, 1975] and there was no statute that gave to defendant a right to plead an immunity or bar" (by the amended pleading filed at the time of trial).

We disagree. By its original answer, filed prior to July 1, 1975, defendant attempted to "avail itself" of the "joint supervision and control" defense, although doing so defectively, and the supplemental answer subsequently filed by it was no more than a proper pleading of that same defense, including the same allegations of plaintiff's original answer.

Moreover, we believe that Oregon Laws 1975, ch 152, § 1, was not retroactive in its application to a case involving an injury prior to the effective date of that statute on July 1, 1975, regardless of whether the trial of the case did not occur until after that date.

In *Joseph v. Lowery,* 261 Or 545, 495 P2d 273 (1972), although involving another statute, we quoted (at 547) from our previous decision in *Kempf v. Carpenters & Joiners Union,* 229 Or 337, 343, 367 P2d 436 (1961), as follows:

> " '* * * Unless retroactive construction is mandatory by the terms of the act it should not be applied if such construction will impair existing rights, create new obligations or impose additional duties with respect to past transactions * * *.' "

Our opinion in *Joseph* also stated (at 548-49):

> "* * * [T]his court has refused to give retroactive application to the provisions of statutes which affect the legal rights and obligations arising out of past actions. This is without respect to whether the change might be 'procedural or remedial' or 'substantive' in a strictly technical sense. * * *"

We agree with defendant's position in this case to the effect that if plaintiff's contention is adopted a

duty on the part of defendant to pay would be imposed which did not exist at the time of plaintiff's injury.

For these same reasons, we hold that the trial court was correct in its holding to the effect that the substantive law controlling in this case is as set forth in ORS 656.154 as that statute existed at the time of plaintiff's injury and prior to its amendment by Oregon Laws 1975, ch 152, § 1.[8]

The judgment of the trial court is affirmed.

---

[8] As previously noted, plaintiff also contends that ORS 656.595(3) was "repealed by implication" by Oregon Laws 1975, ch 152, § 1. We also reject that contention. Cf. *Appleton et al v. Oregon Iron & Steel Co.,* 229 Or 81, 84-85, 358 P2d 260, 366 P2d 174 (1961).