Argued June 21, affirmed July 19, reconsideration denied August 25, petition for review denied September 14, 1976

PFLUGHAUPT, *Appellant,*

*v.*

STATE ACCIDENT INSURANCE FUND,
*Respondent.*

(No. 92342, CA 5815)

552 P2d 284

*Harold W. Adams,* Salem, argued the cause and filed the brief for appellant.

*Janet A. Metcalf,* Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Fort, Judges.

FORT, J.

**FORT, J.**

The issue in this workmen's compensation case is the legal effect of the statutory presumption regarding occupational diseases of firemen, ORS 656.802. Claimant, fire chief in Corvallis, suffered a myocardial infarction while at home in August 1973. His compensation claim was denied by the referee, the Workmen's Compensation Board, and the circuit court. He appeals.

The relevant portions of ORS 656.802 provide as follows:

"(1) As used in ORS 656.802 to 656.824, 'occupational disease' means:

"* * * * *

"(b) Death, disability or impairment of health of firemen of any political division who have completed five or more years of employment as firemen, caused by any disease of the lungs or respiratory track, hypertension or cardiovascular-renal disease, *and resulting from their employment as firemen.*

"(2) Any condition or impairment of health arising under paragraph (b) of subsection (1) of this section shall be *disputably presumed* to result from a fireman's employment; provided, however, that any such fireman must have taken a physical examination upon becoming a fireman, or subsequently thereto, which failed to reveal any evidence of such condition or impairment of health which preexisted his employment." (Emphasis supplied.)

Claimant had the necessary examination and years of service to qualify for the application of the presumption. He contends that, although the presumption is disputable, it may be controverted only by medical evidence which identifies specific causes of his heart disease which are unrelated to his work. He asserts as a matter of law that it may not be controverted by medical evidence which finds only that his heart disease was not caused by his job as a fireman. Claimant introduced no medical evidence and relies only on the presumption to support his claim for compensation.

The state introduced the opinions of two cardiologists. One of them had personally examined claimant, and both had considered his physical and medical history. Both determined that there was no causal relationship between claimant's arteriosclerosis, which was the cause of his attack, and his job. For several years before the attack his job was primarily administrative, and, it is conceded, did not subject him to unusual stress or to excessive exposure to smoke or fumes.

■ ORS 41.360 defines "disputable presumptions" as follows:

"All presumptions other than conclusive presumptions are satisfactory, unless overcome. They are disputable presumptions, and may be controverted by other evidence, *direct or indirect,* but unless so overcome, the jury is bound to find according to the presumption. * * *" (Emphasis supplied.)

In *U. S. National Bank v. Lloyd's,* 239 Or 298, 382 P2d 851, 396 P2d 765 (1964), the Oregon Supreme Court discussed the meaning of "disputable presumption" in this statute and concluded that the Oregon legislature intended that the presumption apply and bind the jury only when there is no opposing evidence. If there is some opposing evidence, the trier of fact may consider all evidence on both sides and come to its own conclusion. If the evidence is in equipoise, the trier of fact must find for the defendant because the plaintiff had not met his burden of proof.[1]

---

[1]"In concluding that such an instruction is improper, we have not overlooked ORS 41.360 which provides in part that disputable presumptions 'may be controverted by other evidence * * * but unless so overcome, the jury is bound to find according to the presumption.' This section is susceptible to more than one interpretation. On the one hand, it may be read as applying only where no evidence opposing the presumption has been adduced and as binding the jury only under such circumstances. On this view, if there were *some* evidence opposing the presumption, the jury, taking into consideration all of the evidence introduced by both parties, would be free to decide either way. Were the evidence in equipoise, the jury would be bound to find for the defendant inasmuch as plaintiff would not have met his burden of proof. On the other hand, the statute may be interpreted

ORS 656.802(1)(b) requires that claimant's employment be a material contributing cause of his heart disease before he may be compensated for it, and that claimant has the burden of proof on this issue. *Miller v. SAIF,* 19 Or App 541, 542, 528 P2d 94 (1974). The disputable presumption of ORS 656.802(2) assists claimant, but is not determinative.

Claimant relies largely on *Sperbeck v. ILHR Department,* 46 Wis 2d 282, 174 NW2d 546 (1970), which interpreted a Wisconsin statute similar to Oregon's, but which did not describe its presumption as "disputable." The court held there that medical testimony which found no connection between a fireman's heart condition and his work and was based on a general opinion that there was no causal connection was not sufficient to rebut the presumption. The decision was based primarily on the particular legislative history of the Wisconsin statute.

We have considered the legislative history of ORS 656.802. The legislators added the term "disputable" to the original bill to ensure that the presumption could be controverted by medical evidence. The committee minutes do not mention any distinction between types of medical evidence which could be used in rebuttal. The discussions indicated a legislative intent

to apply even in cases where evidence opposing the presumption has been adduced. On this view, the jury would be bound to find according to the presumption unless such opposing evidence exceeded or outweighed the presumption and thus 'overcame' it. This interpretation would place the burden of proof on the person forced to meet the presumption.

"We do not think that the legislature intended ORS 41.360 to have this latter meaning. As is explained in a footnote in Deady's Code, the chapter on evidence (including what is now ORS 41.360) was 'mainly condensed and extracted from Greenleaf's Treatise on the Law of Evidence' (p. 315). ORS 41.360 was very probably an attempt to state the principal [sic]expressed in section 33 of Redfield's Edition of Greenleaf's Treatise. In that section Greenleaf, discussing presumptions, explains that 'if *no opposing evidence* is offered, the jury are bound to find in favor of the presumption.' (Emphasis supplied). It seems reasonable to construe ORS 41.360 to express the meaning found in the foregoing quotation from Greenleaf." (Footnote omitted) *U.S. National Bank v. Lloyd's,* 239 Or 298, 324-25, 382 P2d 851, 396 P2d 765 (1964).

that the claimant not be relieved of the burden of proving that his disease resulted from his employment.

■ In light of ORS 41.360, we hold that the disputable presumption in ORS 656.802(2) may be controverted by any competent medical evidence showing that diseases of firemen were not "resulting from their employment as firemen."

■ Claimant has not challenged the qualifications of the two heart specialists nor the adequacy of their examinations and reports. We have reviewed the medical evidence, as did the referee, board and circuit court, and find it convincing. We hold, therefore, that claimant has not met the burden of proof required by ORS 656.802 for recovery for occupational diseases of firemen and affirm the prior orders.

Affirmed.