Argued September 22, reversed and remanded November 8,
reconsideration denied December 8, 1976, petition for
review denied January 25, 1977

# STATE ex rel RILEY, *Appellant,*
## *v.*
# HOYT, *Respondent.*
## (No. 335-851, CA 5404)

555 P2d 939

*Robert L. Olson,* Portland, argued the cause and filed the briefs for appellant.

*Marshall C. Cheney,* Portland, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Thornton and Tanzer, Judges.

TANZER, J.

## TANZER, J.

This is an appeal by the mother from an order denying modification of an order requiring the father to pay support for an illegitimate child.

The father's paternity of the child was established by filiation proceedings in 1968. The decree ordered the father to make support payments of $50 per month purusant to ORS 109.150 which limited the father's liability as follows:

"* * * [T]he judgment of the court providing for the maintenance of the child by the father shall be in a yearly sum of not more than $900 for each year succeeding until the child reaches the age of 18 years. The court, in determining the amount to be paid, shall give due regard to the financial resources of the parties."

In 1969 the legislature revised the filiation law. The new act reflects a continuation of legislative policy of protection of the interests of illegitimate children, but changes some of the manner and means by which that continued policy is to be effectuated. *Gostevskyh v. Kalugin,* 7 Or App 623, 492 P2d 826 (1972). Enactment of ORS 109.155 as part of the revision removed the dollar limitation upon the amount of support which the court may order. It provides:

"* * * * *

"(4) The court shall have the power to order the father to pay such sum as it deems appropriate for the past and future support and maintenance of the child during its minority and while the child is attending school * * *.

"* * * * *."

It also enacted ORS 109.165 which makes explicit the authority of the court to set aside or modify the support decrees.

In 1974, by agreement of the parties, the original decree was modified by increasing the support payments to $75 per month.

The respondent asserts, as the trial court concluded,

[ 273 ]

that his liability for support of his child is limited by the statute in effect at the time of the initial order which limited his liability to $75 per month, and that retroactive effect cannot be given to the present statute. Petitioner asserts that application of the new statute is prospective in nature rather than retroactive and, alternatively, that a distinction in the support entitlement of illegitimate and legitimate children would be invalid as a denial of equal protection.

The original order established the responsibility of the respondent as father to support his child. The discretion of the court to quantify that responsibility in dollars was limited by statute. No contractual, proprietary or vested right accrues to such a limitation upon the authority of the court, *see Anonymous v. Anonymous,* 243 NYS2d 630, 634, 40 Misc 2d 619 (1963). A subsequent statutory enlargement or restriction of the range within which the court has authority to regulate the amount of support does not affect the earlier order which established the legal relationship from which liability flows. Rather, it affects only the authority of the court to modify its future orders in accordance with changing circumstances.

The respondent cites us to *Joseph v. Lowery,* 261 Or 545, 495 P2d 273 (1972), and *Cole v. Zidell Explorations, Inc.,* 275 Or 317, 324, 550 P2d 1194 (1976), which hold that statutory changes defining circumstances which create liability for damages are not to be applied retroactively to accidents occurring prior to the statutory change. Here, however, the liability was established; the statute merely broadened the court's range of discretion.

In view of this disposition, we need not reach the constitutional question.

Reversed and remanded.