*Western District*

## No. 183

## ELLEN GUMLEY
### v.
## THEODORE GUMLEY

Argued: May 3, 1976. Decided: December 1, 1976.

Case tried to *McGuane, J.,* in the District Court of Franklin.     Number: 25405.

Present: Gould, P.J.; Cimini, Walsh, J.J.

**Gould, P.J.**   This was an action based on a foreign judgment to recover $36,421.89, plus interest and costs.

The case was tried as a consolidation of plaintiff's request for summary judgment, and defendant's motions to dismiss and to strike.

The trial court found for the plaintiff on the following facts:

The parties were married on January 22, 1958 in Manassas, Virginia. As a result of differences, they separated in 1970, and lived separate and apart since that date. On May 19, 1972 the parties were divorced by a decree of the Supreme Court of New York, County of Westchester, Divorce Action No. 319. Although the report does not specifically recite the fact, the briefs filed by both parties to this action do acknowledge that at the time of separation New York was the marital domicile of the parties.

In May of 1971, the defendant bought the house in which he presently resides in Deerfield, Massachusetts, and established residence there immediately. On December 13, 1971 he traveled to New York and executed a separation agreement, on which this action was brought.

The action seeks recovery of support payments under the separation agreement. Service of the New York summons was made on the defendant at his Deerfield address by a Deputy Sheriff of Franklin County. At no time was the defendant served in New York, nor did he in any way submit himself to the jurisdiction of the New York Court in the proceeding which sought recovery of the support payments. Default judgment was entered against him by the New York Court on September 5, 1975, in the sum of

$36,421.89, and this is the judgment which the plaintiff now seeks to collect and use as evidence of the defendant's debt in the trial court in Massachusetts. The plaintiff argued that summary judgment should be granted in her favor on the grounds that the New York Court had jurisdiction to render the judgment against the defendant under New York CPLR §302 (a) (1) and/or 302 (b). The defendant contended that the New York judgment is void and unenforceable since the New York Court had neither personal nor long-arm jurisdiction over the defendant in accordance with the provisions of CPLR 302 (a) (1) and 302 (b), and that therefore summary judgment should be granted for the defendant against the plaintiff.

The defendant further argued that if summary judgment was not granted for the defendant, it should not be granted for the plaintiff, since there was a genuine issue of material fact as to whether the New York Court had jurisdiction over the defendant to render the judgment.

The defendant further alleged that enforcement of the New York judgment through summary judgment should be denied since that judgment was procured by the knowingly and willingly made false statement of the plaintiff in the New York complaint as to the defendant's domicile which led the New York Court to presume it had personal jurisdiction over the defendant.

The trial court granted the plaintiff's motion for summary judgment, and denied defendant's motion to dismiss and motion to strike, and the defendant claims to be aggrieved thereby.

There is no Error.

The facts of this case are similar in content to the case of *Spitz v. Spitz decided in the Municipal Court of the City of Boston,* 31 *Mass. Appellate Divisions* 124 (1965).

In that case the parties were married in New York and lived there as husband and wife when they entered into a separation agreement, thereafter the defendant left New York and came to Massachusetts, where he had resided up to the time of litigation. The defendant had no property or real estate in New York, but was served in Massachusetts with a summons to appear and answer in an action brought by the plaintiff in New York. The summons was served on the defendant by the attorney of record for the plaintiff, the defendant at no time appeared specially or generally in connection with the New York action, was defaulted and judgment was rendered against him.

Section 302 of the Civil Practice Law and Rules of the State of New York provided that the court of New York had jurisdiciton over non-residents, who, in person or through an agent, transact any business within the State. Among the various methods prescribed by the act for the service of process in proceedings against non-residents, it is provided that such service might be made by a duly qualified attorney, barrister or equivalent in such jurisdiction.

The main issue raised by the defendant in the instant case concerns the rights of the New York Court to claim jurisdiction over the defendant, who is conceivably a non-resident, and who is not personally served in New York. The New York Statute confers jurisdiction over a non-resident, who, in person, or through an agent, transacts any business within the State. Also, the provisions of Civil Practice Law and Rules of New York §302 (b) amended in 1974, provides that a court in any matrimonial action or Family Court proceeding involving a demand for support or alimony, may exercise personal jurisdiction over the respondent or defendant, not with-standing the fact that he or she no longer is a resident or domiciliary of this State, or his or her executor or administrator, if the party seeking support is a resident of, or domiciled, in the State at the time such demand is made, provided that this State was the matrimonial domicile

of the party before their separation, or the defendant abandoned the plaintiff in this State, or the obligation to pay support of alimony accrued under the Laws of this State, or under an agreement executed in the State. Although this section was amended subsequent to the filing of the proceedings in the New York Court, there is ample case law to indicate that the provisions of §302 may be applied retroactively. *Gardner v. United States,* 246 F. Supp. 1014 (1965).

While there are decisions in New York which declare that the execution of an agreement between husband and wife does not constitute doing business, *Willis v. Willis,* 248 New York, supplement second 260 (1964); *Cockrun v. Cockrun,* 20 Appellate Division Second, New York 642 (1964), we do not consider the construction given the law by these courts as authoritative or binding.

What is involved in this litigation concerns more than an isolated transaction. The contract, mainly the separation agreement, on which the plaintiff declared in New York, was a mere incident in a complex domestic situation involving the responsibility of the defendant, as the titular head of a family over a long period of time. Whether an arrangement whereby one lives apart from his wife and family, and leaves the State of their residence, can be designated "doing business" is beside the point. The expression is not a term of art, and the reports of our highest courts reveal the great difficulty in explaining it. *International Shoe Company v. Washington,* 326 U. S. 310 (1945).

What does matter is that a course of action inexplicably involved in the status and the legal responsibility of the defendant was going on in the State of New York. New York was the matrimonial domicile of the parties before the separation; the obligation to pay support occurred under the laws of New York; and the obligation to pay support further accrued under an agreement executed therein.

There is a strong social interest in the security of family life, aside from the nature of the claim, providing ample grounds for the exercise of jurisdiction by the New York Court. The statute provides for notice of the proceedings and an opportunity to be heard. *New York Civil Practice Law and Rules*, §313. Such notice was served upon the defendant in the manner permitted by the New York law. The defendant is in no position to claim a denial of due process. *Wuchter v. Pizzutti*, 276 U. S. 13 (1928).

He had ample opportunity to appear specially to contest the jurisdictional limits in the New York Court, had he so desired. We do not mean to imply by the above, that every form of business transaction exposes non-resident participants to the jurisdiction of the New York Court, but we do feel that the transaction involved in this case, comes clearly within the area of those claims which the State in the exercise of its police power can help to enforce through service on non-residents. *Hess v. Pawloski*, 274 U. S. 352. *Wuchter v. Pizzutti*, 276 U. S. 13 (1928).

While the defendant also has pointed out that the provisions of §302 (b) have been enacted, subsequent to the institution of the action in New York, we see no error in the inclusion of the current §302, sub-section (b). It is true that in Massachusetts the right to serve on a non-resident outside the State was considered substantive, rather than procedural, prior to the adoption of the long-arm statutes, (       ) but the most popular view in most states, including New York, was that the statute was procedural only, and should be given retroactive access. *Peterson v. Van Auken*, 250 N. Y., Supp. 560 (1967), Harvard Law Review (pages 1087-1088).

There was no error in the allowance by the trial court of the plaintiff's motion for summary judgment, and the denial by the court of the defendant's motion to dismiss and the motion to strike. **Report dismissed.**