Argued August 21, affirmed December 4, 1978

WICK, *Petitioner,*
*v.*
STATE ACCIDENT INSURANCE FUND,
*Respondent.*
(WCB No. 75-1827, CA 10961)
587 P2d 477

William N. Kent, Eugene, argued the cause for petitioner. On the briefs was Gary K. Jensen, P.C., Eugene.

Earl M. Preston, Associate Counsel, State Accident Insurance Fund, Legal Division, Eugene, argued the cause for respondent. With him on the briefs were Keith R. Maloney, Chief Counsel, and James A. Blevins, Chief Trial Counsel, State Accident Insurance Fund, Legal Division, Salem.

Before Schwab, Chief Judge, and Thornton and Tanzer,* Judges.

THORNTON, J.

---

*Tanzer, J., did not participate in this decision.

## THORNTON, J.

Claimant appeals from an order of the Workers' Compensation Board (Board) affirming the denial by the hearing referee of his claim for worker's compensation on account of a heart condition. He assigns as error the Board's conclusion that he failed to meet his burden of proof that the condition was compensable.

Claimant is a fireman for the city of Eugene who underwent coronary artery bypass surgery in 1974 necessitated by arteriosclerotic heart disease, diagnosed after he suffered an acute myocardial infarction. After his surgery and the referee's denial of his claim for compensation, but before the Board affirmed the denial, the "fireman's presumption," ORS 656.802(2), relating to evidentiary burdens applicable when a firefighter alleges a claim for compensation, was amended by the Oregon legislature.[1]

In 1974, the year claimant's claim for compensation arose, ORS 656.802(2) read in pertinent part:

> "Any condition or impairment of health arising under paragraph (b) of subsection (1) of this section shall be *disputably presumed* to result from a fireman's employment * * *." (Emphasis supplied.)

The 1977 legislature amended ORS 656.802(2) to read:

> "*Any condition or impairment of health* arising under paragraph (b) of subsection (1) of this section *shall be presumed to result from a fireman's employment. * * * Denial of a claim for any condition or impairment of health arising under paragraph (b)* of subsection (1) of

---

[1] The surgery occurred in 1974. The hearing before the referee closed November 20, 1975, pending our decisions on the interpretation of ORS 656.802(2). *Norris v. SAIF,* 27 Or App 623, 557 P2d 61 (1976), *rev den* (1977); *Harmon v. SAIF,* 27 Or App 317, 555 P2d 804 (1976); *Pflughaupt v. SAIF,* 26 Or App 77, 552 P2d 284, *rev den* (1976). The decisions were handed down in July, November and December 1976. The referee requested closing arguments in December 1976 and closed the hearing in February 1977. Oregon Laws 1977, chapter 734, § 1, amending ORS 656.802(2), was signed into law by the Governor on July 26, 1977. The referee entered his order on October 21, 1977. The amendment to ORS 656.802(2) became effective October 24, 1977. *See,* Or Const. Art IV, § 28. The Workers' Compensation Board affirmed the referee's order on April 14, 1978.

[ 287 ]

this section *must be on the basis of medical or other evidence that the cause of the condition or impairment is unrelated to the fireman's employment.*" (Emphasis supplied.)

Subsection (1) provided at all relevant times:

"As used in ORS 656.802 and 656.824, 'occupational disease' means:

"* * * * *

"(b) Death, disability or impairment of health of firemen of any political division who have completed five *or more years of employment as firemen,* caused by any disease of the lungs or respiratory tract, hypertension or cardiovascular-renal disease, and resulting from their employment as firemen."

■ Our constructions of the earlier version of the statute held that, as a disputable presumption, the fireman's presumption disappeared the moment that any significant evidence that a claimant's condition was not caused by employment as a firefighter was introduced. The decision was then to be made strictly by weighing the evidence and determining whether the claimant had proven causation by a preponderance. *Norris v. SAIF,* 27 Or App 623, 627-28, 557 P2d 61 (1976), *rev den* (1977); *Pflughaupt v. SAIF,* 26 Or App 77, 80 552 P2d 284, *rev den* (1976).

State Accident Insurance Fund avers that the amendment to the statute was a mere rewording which left the presumption of causation disputable. Oregon statutes provide for only two types of presumptions: conclusive and disputable.[2] *See* ORS 41.350 and 41.360. SAIF argues that although the legislature omitted the word "disputable" before "presumption," it added language indicating how the presumption might be overcome; thus, it retained the disputable character

---

[2] A conclusive presumption is actually a rule of law, and thus cannot be controverted. *State v. Elliott,* 234 Or 522, 383 P2d 382 (1963). A disputable presumption, however, is destroyed by the introduction of evidence controverting the presumed fact, for the factfinder then disregards the presumptions and weighs only evidence. *Pflughaupt,* 26 Or App at 80-82.

of the presumption, and was actually merely codifying our prior decisions.

■ Claimant, on the other hand, argues that the effect of the amendment was to relieve firemen of having to prove that the occupational disease from which they suffer is work related, and to impose upon SAIF the burden of showing that the disease is not work related. If claimant were correct, we would need to determine whether the amendment should be given retroactive effect, *i.e.,* applied to an incident occurring before its effective date. There are several rules of construction to aid us when, as here, the legislature does not explicitly state its intention. Numerous cases examine statutes to determine whether they are procedural or remedial, and thus may be given retroactive effect, or are substantive, and thus are presumed to be wholly prospective.[3] *See, e.g., Reynolds Metals v. Tax Com.,* 245 Or 156, 421 P2d 379 (1966). However, our Supreme Court has noted that "procedural," "remedial," and "substantive" are only labels to be attached after a determination of whether or not retrospective effect should be given. *Joseph v. Lowery,* 261 Or 545, 495 P2d 273 (1972). The proper question, therefore, is whether a statute affects "legal rights and obligations arising out of past actions." 261 Or at 548-49.[4] The reading of the amendment claimant urges would affect legal rights and obligations. Like the legislative

---

[3] There is a presumption that statutes will not be applied retroactively. For a brief history of the presumption *see Hall v. Northwest Outward Bound School,* 280 Or 655, 658-60, 572 P2d 1007 (1977).

[4] Examples are legion. *See, e.g., Perkins v. Willamette Industries,* 273 Or 566, 542 P2d 473 (1975) (removal of restrictions on worker's compensation recovery against third persons not given retroactive effect); *State ex rel Town Concrete v. Andersen,* 264 Or 565, 505 P2d 1162 (1973) (requirement of notice by materialman as condition of recovery not given retroactive effect); *State ex rel Riley v. Hoyt,* 27 Or App 271, 555 P2d 939 (1976), *rev den* (1977) (broadening of court's discretion in imposition of support payments by fathers of illegitimate children retroactive; fact of liability already established); *Coos-Curry Elec. v. Curry County,* 26 Or App 645, 554 P2d 601 (1976) (right of contribution among joint tortfeasors not given retroactive effect).

change removing a given defense to a worker's compensation claim, *Cole v. Zidell Explorations, Inc.,* 275 Or 317, 550 P2d 1194 (1976), that reading of ORS 656.802(2) would impose liability in instances where it would not have been imposed under the statute prior to amendment because of the greater evidentiary burden placed upon defendants by the amendment.[5] Hence, the amendment would not be given retroactive effect.

■ We need not resolve this issue here because under either claimant's or SAIF's version of the effect of the amendment, the same standards apply to this claim. Hence, we apply such standards without determining which version is correct. We find that there is evidence of causes rather than claimant's work which are sufficient to destroy the fireman's presumption. In weighing the evidence in the resultant absence of the presumption, we find that claimant has not met his burden of proving by a preponderance that his arteriosclerotic heart disease was caused by his employment.

Affirmed.

---

[5] In contrast, the 1977 amendment to the statute governing appeals of workers' compensation cases, ORS 656.298(1) (Oregon Laws 1977, ch 804, § 11), shifting review from the circuit courts to this court, does not change the rights and obligations of parties. It is therefore applicable retroactively, and would be labeled a procedural or remedial change.