In the Matter of the Compensation of
Richard S. Ingram, Claimant.

INGRAM,
*Petitioner,*

*v.*

SAIF CORPORATION,
*Respondent.*

(82-09558; CA A31947)

695 P2d 930

Diana Craine, Portland, argued the cause for petitioner. On
the brief were Peter W. Preston, and Pozzi, Wilson, Atchison,
O'Leary & Conboy, Portland.

Darrell E. Bewley, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Gillette, Presiding Judge, and Warren and Young, Judges.

YOUNG, J.

## YOUNG, J.

Claimant petitions for review of a Board order that denied compensation for a heart condition. The question is whether the referee and the Board properly applied ORS 656.802(2), commonly referred to as the "fireman's presumption." The referee found that SAIF had rebutted the presumption by proving that claimant's condition was not work related, and the Board affirmed. On *de novo* review, we affirm.

When this claim was filed, ORS 656.802 provided:[1]

"(1)   As used in ORS 656.802 to 656.824, 'occupational disease' means:

"* * * * *

"(b)   Death, disability or impairment of health of firemen of any political division who have completed five or more years of employment as firemen, caused by any disease of the lungs or respiratory tract, hypertension or cardiovascular-renal disease, and resulting from their employment as firemen.

"(2)   Any condition or impairment of health arising under paragraph (b) of subsection (1) of this section shall be presumed to result from a fireman's employment. However, any such fireman must have taken a physical examination upon becoming a fireman, or subsequently thereto, which failed to reveal any evidence of such condition or impairment of health which preexisted his employment. Denial of claim for any condition or impairment of health arising under paragraph (b) of subsection (1) of this section must be on the basis of medical or other evidence that the cause of the condition or impairment is unrelated to the fireman's employment."

Claimant developed arteriosclerotic disease after he had worked for more than five years for the Oregon City Fire Department. The referee and Board found that claimant met the statutory requisites for application of the presumption under ORS 656.802(2). They also concluded, however, that

---

[1] ORS 656.802(2) was amended in 1983 to require "clear and convincing medical evidence" that the cause of the condition or impairment is unrelated to the fire fighter's employment. Or Laws 1983, ch 236, § 1. Claimant argued to the referee and Board that SAIF must overcome the fireman's presumption by clear and convincing evidence. The Board held that the 1983 amendment is not retroactive. That holding has not been challenged here.

the medical evidence established that claimant's condition was unrelated to his work and that such evidence, when weighed against the presumption, was more persuasive.

Claimant argues that the medical evidence was insufficient to overcome the presumption. Dr. Grover, claimant's treating physician, after analyzing certain risk factors as they apply to claimant, concluded that the heart condition was not caused in material part by his employment as a fire fighter. He later clarified his opinion, stating that "[d]ogmatic conclusions regarding the causal relationship of various 'risk factors' to the development and progression of coronary heart disease and to the precipitation of clinical events * * * simply cannot be done with much assurance." Nevertheless, Dr. Grover adhered to his conclusion that claimant's work activities were not a material contributing cause of the development of his coronary artery disease.

Dr. Wasenmiller, a cardiologist, agreed with Dr. Grover that claimant's coronary artery disease was not caused by his employment. He acknowledged that medical science has been unable to identify a definite cause of heart disease, but he was reasonably certain that claimant's occupation did not cause his coronary artery disease. He stated: "I cannot say that his work conditions were not related to the acceleration, but I can say with high probability that his work conditions were not associated with the cause." Both doctors explained their opinions in terms of the risk factors which applied to claimant. Each believed that claimant's pipe smoking, hypercholesterolemia, hypertension and obesity were the primary factors in the cause and development of his coronary artery disease.

■ Claimant contends that the medical evidence established only that claimant's heart disease was "idiopathic," that is, of unknown origin, and that such evidence does not establish that claimant's disease is "unrelated" to his employment. Claimant is correct in his assertion that à diagnosis that a condition is idiopathic is not evidence under ORS 656.802(2) that the condition is unrelated to the fireman's employment. *See Wright v. SAIF,* 289 Or 323, 332, 613 P2d 755 (1980).

■ In *Wright* the claimant experienced heart and chest pain that could not be linked to any physical disorder. The condition was idiopathic in the sense that there was no known

origin. In this case, claimant's condition is "idiopathic" only in the sense that no one cause for heart disease has been isolated. Instead, the opinions as to medical causation were made on the basis of "risk factors," which may include such individual factors as obesity, cholesterol consumption, smoking and stress.[2] We find that the medical opinions, although necessarily stated in terms of probability, are sufficiently persuasive to overcome the statutory presumption. *See Lines v. SAIF,* 54 Or App 81, 634 P2d 262 (1981).

Affirmed.

---

[2] Dr. Wasenmiller did not believe that stress is a "risk factor."