Submitted on remand from the Oregon
Supreme Court July 1, affirmed October 20, 1980

In the Matter of the Compensation of
WRIGHT,
*Respondent,*
*v.*
STATE ACCIDENT INSURANCE FUND,
*Petitioner.*

(No. 77-657, CA 14540)

618 P2d 18

Darrell E. Bewley, Associate Counsel, State Accident Insurance Fund, Salem, argued the cause for petitioner. With him on the brief were K. R. Maloney, Chief Counsel, and James A. Blevins, Chief Trial Counsel, State Accident Insurance Fund, Salem.

David R. Vandenberg, Jr., Klamath Falls, argued the cause for respondent. With him on the brief were Bradford J. Aspell and Boivin, Boivin & Aspell, Klamath Falls.

Before Richardson, Presiding Judge, and Thornton and Campbell, Judges.

RICHARDSON, P.J.

## RICHARDSON, P.J.

This case is before us on remand from the Supreme Court, 289 Or 323, 613 P2d 755 (1980), following review of our previous decision, 43 Or App 279, 602 P2d 1086 (1979). After undertaking further factual review in light of the Supreme Court's instructions, we determine our prior decision was in error. We therefore, now affirm the order of the Workers' Compensation Board which found that claimant had established a fireman's occupational disease and a right to compensation based on ORS 656.802.

The principal issue on reconsideration of this matter is the proper application of the occupational disease presumption embodied in ORS 656.802(2). ORS 656.802 provides:

"(1) As used in ORS 656.802 to 656.824, 'occupational disease' means:

"* * * * *

"(b) Death, disability or impairment of health of firemen of any political division who have completed five or more years of employment as firemen, caused by any disease of the lungs or respiratory tract, hypertension or cardiovascular-renal disease, and resulting from their employment as firemen.

"(2) Any condition or impairment of health arising under paragraph (b) of subsection (1) of this section shall be presumed to result from a fireman's employment. However, any such fireman must have taken a physical examination upon becoming a fireman, or subsequently thereto, which failed to reveal any evidence of such condition or impairment of health which preexisted his employment. Denial of a claim for any condition or impairment of health arising under paragraph (b) of subsection (1) of this section must be on the basis of medical or other evidence that the cause of the condition or impairment is unrelated to the fireman's employment."[1]

In our previous decision, we stated in applying the statutory presumption in subsection (2):

---

[1] In our prior decision, we stated that ORS 656.802 had been amended in 1977 and discussed the effect to be accorded the amendment in this case. No question is raised as to our decision in this respect. We therefore, do not repeat the discussion.

"In *Wick v. SAIF,* 37 Or App [285, 587 P2d 477 (1978)] at 288, we applied the disputable presumption rule to firemen's occupational diseases:

" '* * * [T]he fireman's presumption disappeared the moment that any significant evidence that a claimant's condition was not caused by employment as a firefighter was introduced. The decision was then to be made strictly by weighing the evidence and determining whether the claimant had proven causation by a preponderance.' (Citations omitted.)" 43 Or App at 283-84.

We held that upon the introduction of what we considered relevant opposing evidence, the presumption was "eliminated," i.e., ceased to have any evidentiary value. Upon then weighing the remaining evidence, we concluded that claimant had failed to carry his burden of proof.

The Supreme Court held our approach was in error. After review of the general effect to be given statutory rebuttable presumptions, the Court stated:

"We hold that in a civil case the statutory scheme concerning disputable presumptions requires that when the basic facts giving rise to the presumption are established, the presumption binds the jury if there is no opposing evidence. If there is opposing evidence, the trier of fact must weigh the evidence, giving the presumption the value of evidence, and determine upon which side the evidence preponderates." (Footnotes omitted.) 289 Or at 331.

In this case, there is no question that claimant established the basic facts which give rise to the statutory presumption.[2] The only questions are whether or not there is relevant opposing evidence to rebut the presumption and, if so, what is the proper approach to the resolution of the claim.

---

[2] Claimant established: (1) he has a "disability or impairment of health," ORS 656.802(1)(b); (2) he was employed as a fireman of a political subdivision (City of Klamath Falls); (3) he had completed more than five years of employment in such a capacity; (4) his disability or impairment was caused by a disease of the lungs and cardiovascular system; and (5) he had undergone a physical examination prior to his employment "which failed to reveal any evidence of such condition of impairment of health which preexisted his employment." ORS 656.802(2).

The claimant worked as a fireman for the City of Klamath Falls from 1967 until September, 1976, at which time he was forced to cease his employment due to pericardial (heart-related) and pleuritic (lung-related) pains. Claimant had no prior medical history of either problem. The evidence revealed that his lung problems arose after he had inhaled super-heated smoke while involved in extinguishing a serious fire. The heart pains began shortly before that incident.

Claimant's treating physician initially suspected the pains were the result of a viral infection of the pericardium (the membrane which surrounds the heart). The infection was thought to have affected both the pericardial and plueral membranes, resulting in claimant's heart and respiratory discomfort.

Subsequent medical treatment provided no answer respecting the cause of claimant's problems. He was treated in at least four different hospitals, including the Mayo Clinic, the University of Oregon Health Sciences Center, and the Portland Pain Center. He underwent open heart surgery to relieve the pericardial pain, extensive testing of the pericardial tissue, and a period of psychological testing and treatment. All these procedures left the medical specialists with one general conclusion: his condition was idiopathic (of unknown origin).

We noted in our prior decision, that early in 1976, claimant's treating doctor did state that "[t]he disease obviously was not caused by his work." This notation was the sole medical conclusion with respect to the particular issue of whether claimant's condition was caused by his employment. Subsequently, that doctor made the following observations:

"* * * The idea of work caustion [of claimant's varient angina related to coronary artery spasm] has never been documented. Certainly, firemen as a group seem to have increased risk from the standpoint of pulmonary disease and may have some increased risks from the standpoint of cardiovascular disease. We are currently in the process of reviewing all current literature on the subject simply out of

interest in this case. * * * Therefore, I cannot answer your question as to whether Mr. Wright's angina was caused by his work as a fireman. This question will have to be answered based on further research on firemen as a risk-group. * * *"

In our prior decision, we found that the 1976 statement from claimant's physician along with the other evidence which pointed to a lack of any known cause of claimant's problems, rebutted the statutory presumption of a relationship between his condition and his employment. The Supreme Court noted that we were in error in this respect and stated:

"ORS 656.802(2) prescribes what kind of opposing evidence is required. The statute directs that 'denial of a claim for any condition or impairment * * * must be on the basis of medical or other evidence that the cause of the condition or impairment is unrelated to the fireman's employment.' Most of the evidence discussed by the Court of Appeals states or implies only that claimant's condition is 'idiopathic,' or of unknown origin. These diagnoses are simply a confession of an inability to identify a cause of claimant's impairments rather than evidence that claimant's condition or impairment is *unrelated* to his employment." (Emphasis in original.) 289 Or at 332.

The only evidence offered to rebut the presumption, i.e., to establish the cause of the condition was unrelated to the fireman's employment, was the initial report of claimant's treating doctor. His subsequent report considerably dilutes his initial conclusion that the ailments were not work related. In light of the evidence in this case respecting the cause of claimant's condition, we conclude the presumption embodied in ORS 656.802(2) has not been overcome. The order of the Workers' Compensation Board is affirmed.[3]

Affirmed.

---

[3] Since we reach this conclusion, it is unnecessary to address that part of the Supreme Court's opinion which held our previous application of *Weller v. Union Carbide,* 288 Or 27, 602 P2d 259 (1979), to be in error.