Argued and submitted February 4, affirmed October 13, 1999

## In the Matter of the Compensation of
## Kenneth D. Long, Claimant.

### Kenneth D. LONG,
*Petitioner,*

*v.*

### TUALATIN VALLEY FIRE
### and Liberty Northwest Insurance Corporation,
*Respondents.*

### (WCB 95-12983; CA A100748)

987 P2d 1267

Montgomery W. Cobb argued the cause for petitioner. With him on the brief was Cobb & Woodworth, LLP.

Alexander D. Libmann argued the cause and filed the brief for respondents.

Before De Muniz, Presiding Judge, and Haselton and Linder, Judges.

LINDER, J.

## LINDER, J.

Claimant seeks judicial review of an order of the Workers' Compensation Board (Board) denying compensation for his heart condition. At issue in this case is the application of ORS 656.802(4), commonly known as the "firefighter's presumption." Claimant argues that the Board erred in determining that employer rebutted the presumption by clear and convincing evidence. We affirm.

Claimant was a firefighter for nearly 25 years. In 1995, however, he experienced an episode of atrial fibrillation while he was at home. Claimant visited his family practitioner, who advised him to retire from firefighting because of the risks he would pose to himself and others if he suffered an episode while on the job. Claimant retired and subsequently filed a workers' compensation claim with employer, Tualatin Valley Fire Department, and its insurer. Three doctors examined claimant and concluded that he suffered from atrial fibrillation, the cause of which is idiopathic—that is, unknown. All three doctors also expressed the opinion that the cause, although unknown, is not related to claimant's employment as a firefighter. Employer's insurer denied the claim, and claimant requested a hearing before an administrative law judge (ALJ). The ALJ upheld the denial, concluding that employer "established by clear and convincing evidence that the cause of claimant's condition was unrelated to his employment." On review, the Board adopted and affirmed the ALJ's order.

■ Under ORS 656.802(4),[1] if a firefighter becomes disabled or impaired as a result of heart or lung disease, then

---

[1] ORS 656.802(4) provides:

"Death, disability or impairment of health of firefighters of any political division who have completed five or more years of employment as firefighters, caused by any disease of the lungs or respiratory tract, hypertension or cardiovascular-renal disease, and resulting from their employment as firefighters is an 'occupational disease.' Any condition or impairment of health arising under this subsection shall be presumed to result from a firefighter's employment. However, any such firefighter must have taken a physical examination upon becoming a firefighter, or subsequently thereto, which failed to reveal any evidence of such condition or impairment of health which preexisted employment. Denial of a claim for any condition or impairment of health arising under this subsection must be on the basis of clear and convincing medical evidence that the cause of the condition or impairment is unrelated to the firefighter's employment."

the condition is presumed to have resulted from employment as a firefighter. The presumption arises if two conditions are met: (1) the firefighter has worked as a firefighter for at least five years; and (2) a medical examination reveals that the condition did not preexist employment. *Id.* If the employer does not present opposing evidence, then the presumption binds the trier of fact. *Wright v. SAIF*, 289 Or 323, 331, 613 P2d 755 (1980). The presumption, however, is rebuttable. If the employer introduces opposing evidence, then the trier of fact must give the presumption the "value of evidence." *Id.* To overcome the presumption, the employer must establish by "clear and convincing medical evidence that the cause of the condition or impairment is unrelated to the firefighter's employment." ORS 656.802(4).

■ Citing our opinion on remand in *Wright v. SAIF*, 48 Or App 867, 618 P2d 18 (1980), claimant argues that the Board was bound to find in claimant's favor because employer did not present the type of evidence legally required to rebut the presumption. According to claimant, employer can rebut the presumption only by coming forward with evidence of an alternative cause of the condition. Claimant, however, misunderstands the statute and misreads our decision in *Wright*.

ORS 656.802(4) requires an employer to present "medical evidence that the cause of the condition or impairment is unrelated to the firefighter's employment." On remand in *Wright*, our charge was to determine whether, in light of the Supreme Court's decision, the employer presented opposing evidence and, if so, whether that evidence overcame the presumption. In our review of the evidence, we noted that the claimant's treating doctor initially had reported that the claimant's condition was not caused by his work as a firefighter. *Wright*, 48 Or App at 871-72. That doctor later reported, however, that he was unable to make that determination because medical research in the area had not yet ruled out the possibility that the condition could be related to firefighting. *Id.* We concluded that the subsequent report significantly diluted the evidentiary value of the first report and that the doctor's initial report therefore was insufficient to overcome the presumption. *Id.* at 872. We did not,

as claimant suggests, hold that the employer must demonstrate an alternative cause of claimant's condition. Here, the doctors' opinions provided affirmative medical evidence that claimant's condition is unrelated to his employment. Accordingly, the Board was not bound by the presumption to find in claimant's favor.

■      Claimant nonetheless argues that, even if the Board was not bound by the presumption, the record does not support its finding that employer *overcame* the presumption by clear and convincing evidence. We disagree. Here, in contrast to *Wright*, all three doctors determined that the cause, whatever else it is, is not related to claimant's employment. Nothing in this record, other than the presumption, diminishes or dilutes those conclusions. The Board's conclusion that employer overcame the presumption by clear and convincing evidence is correct.

■      In the alternative, claimant argues that he is nonetheless entitled to compensation because his symptom (*i.e.*, atrial fibrillation as a symptom of an unknown, underlying disease) precludes him from working as a firefighter. As the Supreme Court noted in *Wright*, a claimant may be entitled to compensation for "impairment of health" even if the underlying disease is not employment related. 289 Or at 335. "Impairment of health" encompasses the worsening of symptoms, including pain. *Id.* Symptoms of the underlying disease become compensable if (1) the symptoms are worsened by employment, and (2) the employment-related worsening causes a disability or requires medical services. *Lines v. SAIF*, 54 Or App 81, 85, 634 P2d 262 (1981). *If* evidence in the record demonstrated that claimant's condition became worse due to his work as a firefighter, then he might be entitled to compensation. Here, however, claimant does not contend that he *actually* experienced any compensable worsening of symptoms due to work. Nor would this record support that contention. The fact that claimant's work as a firefighter *could* trigger an episode of atrial fibrillation does not entitle claimant to compensation under the statute.

Affirmed.