Argued and submitted May 15, reversed December 3, 2014, petition for review allowed May 14, 2015 (357 Or 299)

In the Matter of the Compensation of
Roger J. Thompson, Claimant.

## SAIF CORPORATION
and Clackamas County Fire District #1,
*Petitioners,*

*v.*

## Roger J. THOMPSON,
*Respondent.*

Workers' Compensation Board
1006391; A152618

340 P3d 163

Julie Masters argued the cause and filed the briefs for petitioners.

Nelson R. Hall argued the cause and filed the brief for respondent.

Before Sercombe, Presiding Judge, and Tookey, Judge, and Schuman, Senior Judge.

SERCOMBE, P. J.

**SERCOMBE, P. J.**

In this workers' compensation case, SAIF Corporation and employer Clackamas County Fire District #1 seek judicial review of an order of the Workers' Compensation Board finding that claimant's heart condition was compensable as an occupational disease under ORS 656.802(4), commonly known as the firefighter's presumption.[1] The board concluded that, under that statute, claimant was entitled to a presumption that his heart condition resulted from his work as a firefighter, and SAIF, the insurer of claimant's employer, did not overcome that presumption by presenting "clear and convincing medical evidence that the cause of the condition or impairment is unrelated to [his] employment." On review, SAIF argues that the board erred in applying that standard of proof to the evidence SAIF presented because the board's sole basis for discounting that evidence was its failure to identify an alternative cause for claimant's condition. As we explain below, we agree and, accordingly, reverse.

At the outset, we review the undisputed legal principles that govern the firefighter's presumption. Under ORS 656.802(4),[2] if a firefighter becomes disabled or impaired as a result of a "cardiovascular-renal disease" or other specified conditions, then the condition is presumed to have resulted from employment as a firefighter, if (1) the claimant has worked as a firefighter for at least five years, and (2) a medical examination shows that the condition did not preexist the employment. Once the presumption is established, the trier of fact must give it the "value of evidence"; the

---

[1] For ease of reference, we refer to petitioners collectively as SAIF.

[2] ORS 656.802(4) provides:

"Death, disability or impairment of health of firefighters of any political division who have completed five or more years of employment as firefighters, caused by any disease of the lungs or respiratory tract, hypertension or cardiovascular-renal disease, and resulting from their employment as firefighters is an 'occupational disease.' Any condition or impairment of health arising under this subsection shall be presumed to result from a firefighter's employment. However, any such firefighter must have taken a physical examination upon becoming a firefighter, or subsequently thereto, which failed to reveal any evidence of such condition or impairment of health which preexisted employment. Denial of a claim for any condition or impairment of health arising under this subsection must be on the basis of clear and convincing medical evidence that the cause of the condition or impairment is unrelated to the firefighter's employment."

presumption binds the trier of fact if no contrary evidence is presented. *Wright v. SAIF*, 289 Or 323, 331, 613 P2d 755 (1980). The employer or insurer can overcome the presumption, however, by presenting "clear and convincing medical evidence that the cause of the condition or impairment is unrelated to the firefighter's employment." ORS 656.802(4). Proof by "clear and convincing evidence" generally means that "the truth of the facts asserted [is] highly probable." *SAIF v. Brown*, 159 Or App 440, 445, 978 P2d 407 (1999) (internal quotation marks omitted).

Here, claimant experienced muscular discomfort in his right chest and neck while he was off duty. He sought medical treatment, and two treating cardiologists diagnosed a myocardial infarction—commonly known as a heart attack—related to coronary artery atherosclerosis. One of those cardiologists successfully treated claimant with angioplasty and stenting of the left anterior descending coronary artery. Claimant, who had been a firefighter for nearly 20 years, later filed a claim for the heart attack as a work-related occupational disease under ORS 656.802(4). SAIF denied the claim, asserting that it had clear and convincing evidence that claimant's condition was unrelated to his employment as a firefighter. Claimant requested a hearing before an administrative law judge (ALJ).

Based on evidence presented at the hearing,[3] the ALJ found that claimant was entitled to the presumption that his heart condition was work related: He had worked as a firefighter for nearly 20 years, and a prehire physical examination and subsequent examinations did not reveal any evidence of cardiovascular disease or impairment that preexisted that employment.

In an effort to rebut the presumption, SAIF presented a medical evaluation and testimony from Dr. Semler, a cardiologist and professor of cardiovascular disease who examined claimant. Semler explained that atherosclerosis is a hardening of the arteries that decreases blood flow to

---

[3] The parties do not challenge the ALJ's factual findings, which the board wholly adopted. Accordingly, we take the facts from the ALJ's order (as adopted by the board), supplementing with consistent facts from the record as necessary. *Meltebeke v. Bureau of Labor and Industries*, 322 Or 132, 134, 903 P2d 351 (1995).

the heart muscle, eventually resulting in a heart attack. According to Semler, "the exact etiology"—the cause or set of causes—of atherosclerosis "is not definitely known," but the consensus among cardiologists is that the condition is related to multiple risk factors, including aging, diabetes, obesity, elevated cholesterol, high blood pressure, tobacco use, sedentary life style, and family history.[4] Those particular risk factors, Semler explained, are sometimes not present in cases of a heart attack caused by atherosclerosis. He confirmed that those risk factors were not present in claimant's case, though he did state that "[a]therosclerosis is more in keeping with the aging process in [claimant's] case."

Semler concluded that claimant's atherosclerosis and heart attack were not related to claimant's work as a firefighter. Specifically, Semler explained that physical and emotional stress related to claimant's work activity as a firefighter did not contribute to the atherosclerosis that caused his heart attack. Comparing atherosclerosis to other types of coronary disease, such as arrhythmias and cardiomyopathy, Semler explained that the medical community recognized physical and emotional stress as contributing factors to some types of arrhythmias and cardiomyopathies, but that there was no valid scientific evidence that physical or emotional stress contributed to atherosclerosis. Semler also referenced claimant's report that the onset of the heart attack did not occur when he was fighting a fire or otherwise under physical or emotional stress. Semler further explained that the literature did not reveal "any scientific evidence that firefighting per se leads to atherosclerosis." Ultimately, when asked if claimant's "employment as a firefighter played a role in his condition," Semler replied that "it has no role whatsoever."

Claimant's treating cardiologist, Dr. Dawley, fully endorsed Semler's conclusion that claimant's work as a firefighter did not "play any role in his overall heart condition." Elsewhere in Dawley's testimony, however, he softened that

---

[4] Semler further explained that "[t]he precise cause for atherosclerosis is still debatable and the current consensus is that it is related to impairment in lipid 'metabolic disorders,' endothelial dysfunction and multiple factors that are being investigated such as genetics and chromosomal abnormalities."

position, stating that it was "unlikely that there was a major contribution" from claimant's work.

The ALJ concluded that SAIF had shown, by clear and convincing evidence, that claimant's heart condition was unrelated to his work as a firefighter. While recognizing that Semler "did not definitively identify a non-work cause for claimant's condition," the ALJ determined that he "otherwise explained why physical and emotional stress would not have contributed to claimant's atherosclerosis and myocardial infarction." The ALJ upheld SAIF's denial, noting that no medical expert had rendered a contrary opinion.

The board reversed the ALJ's order. The board concluded that Semler's opinion did not satisfy SAIF's burden to overcome the statutory presumption:

> "Dr. Semler conceded that the cause of atherosclerosis is unknown. Despite that concession, Dr. Semler ruled out any contribution from claimant's employment as a firefighter. Dr. Semler did not persuasively explain, however, how he was able to make such a categorical exclusion, given that the causes of that condition were unknown. The lack of such a persuasive explanation is particularly significant, given that the record does not establish that claimant had any identified 'risk factors' for atherosclerosis."

A dissenting member would have affirmed the ALJ's order, echoing the ALJ's reasoning that, although Semler could not identify a precise cause of claimant's heart condition, Semler "presented an unwavering and unequivocal opinion" that the condition was unrelated to claimant's work, and there was "no contrary medical evidence."

On review, SAIF argues that the board erred in its application of the standard of proof in ORS 656.802(4). SAIF acknowledges that proof by clear and convincing evidence is proof that a proposition is highly probable, but contends that the board went beyond that standard, requiring an insurer or employer "to prove an alternative cause of the claimed occupational disease, when medical science has not yet been able to pinpoint the ultimate cause." In SAIF's view, the board's order conflicts with our opinion in *Long v. Tualatin Valley Fire*, 163 Or App 397, 987 P2d 1267 (1999).

Claimant views the question on review from a different angle. As claimant sees it, SAIF "is asking this court to reweigh the evidence." Claimant contends that the board weighed the evidence, "finding the opinions of Dr. Semler to be internally inconsistent and unpersuasive," and we should therefore review the board's order for substantial evidence. *See SAIF v. Pepperling*, 237 Or App 79, 84-85, 238 P3d 1013 (2010) ("In reviewing the board's evaluation of [an expert's] opinion, we do not substitute our judgment for that of the board; rather, we determine whether the board's evaluation of that evidence was reasonable."). According to claimant, the board, in finding an "unexplained inconsistency" in Semler's opinion, did not run afoul of *Long* by requiring "SAIF to affirmatively prove the cause of [claimant's] cardiovascular condition."

We start with our decision in *Long*, which underlies the parties' arguments on review. In *Long*, three doctors concluded that the cause of the claimant's atrial fibrillation was "unknown" but was unrelated to his employment as a firefighter. 163 Or App at 399. The board concluded that the employer had established by clear and convincing evidence that the claimant's condition was unrelated to his work as a firefighter. On review, the claimant argued that the employer's evidence was not "the type of evidence legally required to rebut the presumption" in ORS 656.802(4) because that evidence did not establish "an alternative cause of the condition." *Id.* at 400. We rejected that view, reasoning that, even if the doctors' opinions did not "demonstrate an alternative cause of [the] claimant's condition," those opinions nonetheless provided "affirmative evidence that [the] claimant's condition is unrelated to his employment." *Id.* at 401. And we rejected the claimant's additional argument that, "even if the [b]oard was not bound by the presumption, the record [did] not support its finding that [the] employer *overcame* the presumption by clear and convincing evidence." *Id.* (emphasis in original). The employer had put forward medical evidence that "the cause, whatever else it is, is not related to [the] claimant's employment" and nothing, "other than the presumption," contradicted that evidence. *Id.* In light of that evidence, we determined that "the [b]oard's conclusion that [the] employer overcame the

presumption by clear and convincing evidence [was] correct."
*Id.*[5]

The question on review is whether the board, in contravention of *Long*, ultimately required SAIF to present evidence of an alternative cause for claimant's condition in order to rebut the presumption. The board's order, of course, did not explicitly require SAIF to present evidence of an alternative cause for claimant's atherosclerosis. Instead, the board described Semler's opinion that claimant's heart condition was unrelated to his employment as lacking "persuasive explanation." What Semler failed to "persuasively explain," in the board's view, was "how he was able to make such a categorical exclusion, given that the causes of that condition were unknown" and "given that the record [did] not establish that claimant had any identified 'risk factors' for atherosclerosis."

Claimant suggests that the board simply found that Semler failed to sufficiently explain *how* he reached the conclusion that claimant's condition was unrelated to his work, when Semler could not identify a definite alternative cause. But Semler did explain the basis for his conclusion in detail. Semler explained, based on his experience and review of the extensive literature considering atherosclerosis, that there was no valid scientific evidence that physical or emotional stress, or "firefighting per se," causes atherosclerosis, though some studies have associated stress with other heart conditions. He further noted that claimant's heart attack did not occur when he was fighting a fire or otherwise under physical or emotional stress. And he related claimant's atherosclerosis to aging, one of the known risk factors for that condition. Because Semler set out the bases for his conclusion that firefighting was not the cause of claimant's

---

[5] The court in *Long* relied on the framework set out in *Wright* as to the operation of the presumption in ORS 656.802. We note that in *Long*, as in this case, ORS 656.802 required the insurer or employer to come forward with "*clear and convincing* medical evidence that the cause of the condition or impairment is unrelated to the firefighter's employment," while at the time of the court's opinion in *Wright*, the statute did not require the insurer or employer to present "clear and convincing" evidence. (Emphasis added.) *See* ORS 656.802(2) (1979) ("Denial of a claim for any condition or impairment of health arising under paragraph (b) of subsection (1) of this section must be on the basis of medical or other evidence that the cause of the condition or impairment is unrelated to the fireman's employment."); *see Wright*, 289 Or at 328-34 (describing operation of that statute).

condition—and because that explanation was not met with contrary evidence or criticized by the board—we do not understand the board's order to rest on Semler's failure to adequately explain the reasoning supporting his opinion.

The better understanding of the order on review, given the record in this case, is that the board viewed Semler's opinion as inadequate to overcome the presumption because it lacked proof of the ultimate cause of claimant's atherosclerosis. As SAIF describes it, "the nub of [the board's] reasoning was that without knowledge of the cause, the doctor's opinion that work was not a cause could not logically hold together." That view is supported by the board's description of Semler's opinion as ruling out claimant's employment as a cause of his atherosclerosis "despite [his] concession" that the cause was unknown. Ultimately, the board concluded that Semler's opinion that claimant's work did not contribute to his condition could not be convincing, as long as he did not identify what did cause claimant's condition.

That conclusion cannot be harmonized with our decision in *Long.* ORS 656.802(4) does not require "evidence of an alternative cause of the condition" for an insurer to rebut the presumption; all that is required is "affirmative medical evidence that [the] claimant's condition is unrelated to his employment." *Long,* 163 Or App at 400-01. Because the board's only reason for concluding that Semler's opinion did not meet the "clear and convincing medical evidence" standard was that it failed to connect claimant's atherosclerosis to a specific, non-work-related cause, we conclude that the board erred in applying that standard.

Claimant contends that there is another reason that Semler's opinion fell short of the "clear and convincing" standard in ORS 656.802(4).[6] According to claimant, because Semler's opinion was based, in part, on his conclusion that the medical consensus was that firefighting (or physical and emotional stress) did not cause atherosclerosis,

---

[6] Claimant raised that argument to the ALJ and to the board. The board did not mention it, and the ALJ specifically rejected it, noting that "[t]he fact that general statistics suggest work as a firefighter can contribute to heart disease in general does not mean that claimant's particular work exposure contributed to his particular atherosclerosis."

it improperly "attack[ed]" the presumption. Claimant argues that, where medical evidence shows that, in general, there is no scientific basis to conclude that firefighting (or physical and emotional stress) causes atherosclerosis, that evidence is insufficient to overcome the presumption.

We disagree with claimant's understanding of ORS 656.802(4). We recognize that the firefighter's presumption was "intended to give relief to firefighters because statistical studies indicated that firefighters were much more likely to suffer from heart and lung diseases due to exposure to smoke and gases under strenuous conditions." *Wright*, 289 Or at 328. But here, we are concerned with a *particular* condition's connection to the activities associated with firefighting. And in determining what "medical evidence" effectively rebuts the presumption, our cases have not recognized the categorical limitation that claimant proposes.

In *Wright*, for example, although most of the medical evidence in that case showed that the claimant's heart pain was of "unknown origin," the Supreme Court noted that "there [was] evidence * * * that the cause of [the] claimant's impairments [was] unrelated to his employment"—a treating doctor had opined that "[t]he disease obviously was not caused by [the claimant's] work." *Id.* at 327, 333 (internal quotation marks omitted). The Supreme Court, after announcing principles relating to overcoming the presumption, remanded the case to the Court of Appeals to determine if that evidence overcame the presumption. On remand, we concluded that the treating doctor's opinion was not sufficient to overcome the presumption because it had been "dilute[d]" by a subsequent opinion. *Wright v. SAIF*, 48 Or App 867, 872, 618 P2d 18 (1980). In that later opinion, the doctor explained that he was still "reviewing all current literature on the subject," so he could not yet say whether the claimant's condition was caused by his work without "further research." *Id.* at 871-72 (internal quotation marks omitted).

In contrast, where medical evidence established, as a general matter, that a particular condition was not caused by activities associated with firefighting, that evidence was the type of evidence that overcame the presumption. That was the view that we took in *Long*. In that case, where the

cause of the claimant's atrial fibrillation was unknown, we concluded that the doctors' opinions that "the cause, whatever else it is, [is] not related to [the] claimant's employment" constituted clear and convincing evidence to overcome the presumption. *Long*, 163 Or App at 401. Given that there was no evidence to identify an alternative cause for the claimant's condition, those opinions necessarily relied, at least in part, on the current scientific understanding that certain activities (those that the claimant would have engaged in as a firefighter) were *not* the cause of atrial fibrillation.[7] The claimant, of course, had the opportunity to present contrary medical evidence that atrial fibrillation was linked to firefighting, but did not do so.

Ultimately, if we were to agree with claimant that the presumption cannot be rebutted by competent medical evidence showing that a particular condition is not caused by firefighting, then it would be nearly impossible to overcome the presumption in those cases—like this one, *Wright*, and *Long*—where medical science cannot identify a certain cause of that condition. The presumption could be overcome only if medical science could at least identify potential causes unrelated to firefighting (*i.e.*, alternative causes), those potential causes were present in the claimant's case, and those potential causes were significant enough in the claimant's case to establish a causal link to the condition.[8]

---

[7] Other cases under the presumption have referenced evidence of the general causal relationship between firefighting and a particular condition. *See Johnson v. City of Roseburg*, 86 Or App 344, 348-49, 739 P2d 602 (1987) (referencing a report summarizing the "results of several studies on the relationship between fire fighting and lung disease," noting that only one of those studies actually concluded "that fire fighting is unrelated to lung cancer," but ultimately concluding that, because that single study was criticized by the claimant's experts, there was not clear and convincing evidence that the cause of the claimant's lung cancer was unrelated to his employment).

[8] We note that some courts take the view, advanced here by claimant, that the presumption cannot be overcome by evidence that a particular condition is generally not causally related to activities associated with firefighting. To overcome the presumption under that approach, the employer or insurer must present evidence that the claimant's condition was the result of some alternative cause or that the claimant's work was considerably less stressful than that of his peers. *See* Arthur Larson and Lex K. Larson, 3 *Larson's Workers' Compensation Law* § 52.07[2][a][iv] (2014) (contrasting the approach of *Wright* and *Long* with the more stringent requirements to overcome the presumption described by courts in other states, including Minnesota, under comparable statutes). That approach, favored by claimant in this case, is plainly contrary to *Wright* and *Long*.

That is not what the statute requires, as shown by *Wright* and *Long.*

In accord with those cases, we conclude that the board misapplied the standard of proof in ORS 656.802(4). When that standard is properly applied, the record does not support the board's conclusion that SAIF's evidence—an unequivocal opinion from Semler—did not overcome the presumption by clear and convincing evidence. No other evidence, other than the presumption, contradicted that medical evidence, and SAIF therefore met its burden under ORS 656.802(4).

Reversed.